COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Aderonke Aderemi v. Massandra KV Vineyards Owner LLC, as Successor in Interest to PAC |
| Appellate case number: | 01-22-00520-CV |
| Trial court case number: | 1176890 |
| Trial court: | County Civil Court at Law No. 1 of Harris County |

Appellant Aderonke Aderemi has appealed from the trial court's April 5, 2022 Final Judgment in favor of appellee Massandra KV Vineyards Owner LLC, as Successor in Interest to PAC. In the final judgment, the trial court ruled that appellee was entitled to possession of the premises located at 21550 Provincial Blvd., Apt. No. 09-921, Katy, Texas 77450. The final judgment further provided that the "amount of the supersedeas bond [was] . . . set at $12,840.00." *See* TEX. R. APP. P. 24.2(a)(2)(A). The appellate record reflects that on April 6, 2022, appellant deposited cash in the amount of $12,480.00 in the trial court's registry, as payment of the supersedeas bond.

Since filing her notice of appeal, appellant has filed numerous motions with this Court. This order addresses three motions filed by appellant, including appellant's: (1) "Motion to Reset the Docket Time," (2) "Petition for Review on Appellant's Denied Emergency Motion Hearing Held in the Trial Court on May 3rd 2022 and July 12th 2022 via Zoom," and (3) "Motion for Reconsideration for Extension of Time to File Brief."

First, in appellant's "Motion to Reset Docket Time," appellant requests that this Court "reset the [a]ppellate due date times as applicable which will extend the time of [a]ppellant payment due for [c]ourt cost of August 3rd 2022." In this motion, appellant appears to request that this Court reset applicable deadlines to "give appellant time to provide document[ation] from the [t]rial [c]ourt that waived the payment and [a]ppellant would proceed without payment of [c]ourt cost[s.]"

In an order dated September 20, 2022, we granted appellant's motion to proceed without payment of costs and directed the Clerk of this Court to make in entry in the Court's records that appellant is permitted to proceed on appeal without payment of costs. Further, based on a review of the Court's records, it appears that the appellate record has been filed without costs being assessed to appellant for the preparation and filing of the appellate

record, in accordance with our September 20, 2022 order. Accordingly, the relief requested by appellant's motion appears to be moot. We therefore **deny** appellant's "Motion to Reset Docket Time."

Next, on November 23, 2022, appellant filed a "Petition for Review on Appellant's Denied Emergency Motion Hearing Held in the Trial Court on May 3rd 2022 and July 12th 2022 Via Zoom." In this motion, appellant complains that the trial court "abused its discretion" by: (1) "denying [a]ppellant's emergency motion for relief on [a]ppellee's refusal to respond to [a]ppellant's emergency maintenance request that materially affects [a]ppellant's safety and health in the [a]partment after [a]ppellant had paid [her] [supersedeas] [b]ond," and (2) "failing to compel appellee to desist from [its] constructive eviction against [a]pellant after [a]ppellant had suspended [t]he [t]rial [c]ourt's judgment by posting the [supersedeas] [b]ond." Appellant states that the trial court held a hearing on appellant's emergency motions for maintenance requests for repairs on May 3, 2022, at which time the trial court denied her requests.

In her motion to this Court, appellant requests that we "reverse the trial court's denied order on [May 3, 2022] and issue an order to the [t]rial [c]ourt to grant [a]ppellant's [m]otion to compel appellee to fix and replace defective heating system, leaking roof, activate remote key, replace non-working [r]efrigerator, non-working [c]ooking [s]tove, repair [air conditioning] issues, and other living essentials and further cease and desist from [its] illegal and unlawful constructive eviction." Appellant's motion fails to identify any authority by which this Court could grant her requested relief. Further, appellant's motion does not include the order of the trial court which she requests this Court to "reverse." Her motion includes a citation to the clerk's record, but the cited portion of the record does not include an order denying appellant's purported motions. Accordingly, appellant's "Petition for Review on Appellant's Denied Emergency Motion" is **denied**.

Finally, on December 29, 2022, appellant filed a "Motion for Reconsideration for Extension of Time to File Brief." In this motion, appellant notes that she is requesting an extension of the deadline to file her brief because she is waiting for a requested supplement reporter's record and supplemental clerk's record "to be sent" to her. The supplemental records requested by appellant were sent to her by the Clerk of this Court on December 29, 2022.

Appellant's brief was originally due to be filed on or before October 6, 2022. However, appellant previously requested three extensions of her deadline to file an appellant's brief, including on October 3, 2022, November 3, 2022, and December 5, 2022. Each previous request for extension was granted by the Court.

Appellant's fourth motion for extension of time to file her brief is **granted**. Appellant's brief is due to be filed within thirty days of the date of this order. Absent extraordinary circumstances, **no further extensions** will be considered. Appellant is notified that failure to file her brief within thirty days of the date of this order may result in the dismissal of her appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), 43.2(f).

It is so ORDERED.

Judge's signature: ___/s/ April Farris_____
                              ☑ Acting individually     ☐ Acting for the Court

Date: ___January 3, 2023_____